FILED
at 9 O'clock & 55 min A M
Date 6/3/2005

United States Bankruptcy Court
Savannah, Georgia

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Brunswick Division

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| CHRISTOPHER E. BLAIR ) | |
| ) | Number <u>05-20151</u> |
| *Debtor* ) | |

### ORDER ON OBJECTION TO CLAIM OF FIRST FRANKLIN FINANCIAL AND MOTION FOR A SITE VISIT

Debtor filed for Chapter 13 bankruptcy protection on January 31, 2005. First Franklin Financial ("First Franklin") filed a Motion for Site Visit on March 7, 2005, and Debtor filed an objection to the claim of First Franklin on April 4, 2005. This Court held a hearing on both motions on May 4, 2005. This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 157 and enters the following Findings of Fact and Conclusions of Law in accordance with the directives of Federal Rule of Bankruptcy Procedure 7052.

### FINDINGS OF FACT

First Franklin filed a claim in the case in the amount of $7,673.36. The claim is secured by a 1993 Saab 900S and other personal property. First Franklin also asserts that its claim is secured by a 1990 Coachman Catalina camper. Debtor admits that First Franklin has a perfected security interest in the Saab and is entitled to inspect it. However, Debtor asserts that First Franklin does not have a perfected security interest in the camper.

cc: Debtor BLAIR
Debtor's Atty. HIGHSMITH
Creditor 1st FRANKLIN
Creditor's Atty. HARDIN
Trustee MASSEY 6/3/05
U.S. Trustee

AO 72A
(Rev. 8/82)

Debtor purchased the camper from Ms. Virginia McSpadden in 2004, and he financed it with First Franklin. Debtor has a bill of sale for the camper, but Ms. McSpadden did not transfer the certificate of title to Debtor. Documents from the Georgia Motor Vehicles Service show that the primary owner of the camper is Ms. McSpadden and there are no liens noted on the title.

## CONCLUSIONS OF LAW

Before addressing the substantive issues, the Court must address the procedural posture of this proceeding. Pursuant to Federal Rules of Bankruptcy Procedure 3007 and 7001(2), objections to a proof of claim which seek to dispute the "validity, priority, or extent of a lien" should be brought as an adversary proceeding rather than a motion. However, this defect is not jurisdictional, and it may be waived. *See* In re Pence, 905 F.2d 1107, 1109 (7th Cir. 1990); In re Felker, 181 B.R. 1017, 1020 (Bankr. M.D. Ga. 1995)(Walker, J.). "Waiver may occur when a party fails to object, no prejudice results from the failure to bring an adversary proceeding, and the parties are cognizant of and have the opportunity to address the issues decided by the court." In re Kmart Corp., 290 B.R. 601, 604 (Bankr. N.D. Ill. 2002). The failure of the parties to raise this issue either at the hearing or in subsequent briefs evidences a waiver of the defect. Furthermore, the Court finds that both parties were heard and no due process concerns were raised by the matter being heard on motion as opposed to an adversary proceeding.

As to the substantive matter before the Court today, First Franklin asserts that the camper does not require a certificate of title and it perfected its security interest in the camper

by obtaining a purchase money security interest and filing a UCC Financing Statement. Despite First Franklin's assertion to the contrary, the camper is required to have a certificate of title. O.C.G.A. §§ 40-3-4, -20.

First Franklin relies on Perkins v. Gilbert (In re Perkins), 169 B.R. 455 (Bankr. M.D. Ga. 1994)(Walker, J.), for the argument that it does not need a certificate of title. First Franklin asserts that because the vehicle is more than fifteen (15) model years old, a title is not required. However, in Perkins, Judge Walker was relying on the "15 year rule" as codified in O.C.G.A. § 40-3-4(14) prior to April 19, 1999. It provided that no certificate of title was needed for "[a] vehicle ... which weighs less than 10,000 pounds gross vehicle weight and which is 15 or more model years old." O.C.G.A. 40-3-4(14)(A)(1994). However, the current version of O.C.G.A 40-3-4(14)(A) provides that no certificate of title is needed for vehicles manufactured prior to 1986. The camper is a 1990 model; therefore, it does not qualify under the exclusion. According to the statute as revised, a certificate of title would be required for a 1990 camper.[1]

First Franklin argues that the Financing Statement secures its claim in the camper. The Georgia Code is very clear that the filing of a financing statement is not effective to perfect a security interest in property subject to the Motor Vehicle Certificate of Title Act. O.C.G.A. § 11-9-311(a)(2). See also Tidwell v. First Community Bank of Georgia (In re Charley's Automotive, Inc.), No. 02-50855, 2003 WL 21058331, at * 3 (Bankr. M.D. Ga. May 8,

---

[1] In keeping with the electronic age, the Court also notes that the Department of Motor Vehicle Safety website lists a "1986 & newer camper" as a vehicle for which a title is required. Department of Motor Vehicle Safety, at http://www.dmvs.ga.gov/motor/titles/required.asp.

AO 72A (Rev. 8/82)

2003)(Hershner, J.).

"The secured status of a creditor is determined as of the date of the filing of the bankruptcy petition." <u>In re Perkins</u>, 169 B.R. at 458. At the time Debtor filed this petition, First Franklin did not have a secured interest in the 1990 Coachman Catalina camper.

O R D E R

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Debtor's Objection to the Claim of First Franklin to the extent First Franklin claims a security interest in the 1990 Coachman Catalina camper is SUSTAINED. First Franklin is directed to amend its claim in accordance with this Order.

IT IS FURTHER ORDERED that First Franklin's Motion for a Site Visit is GRANTED as to the 1993 Saab 900S and DENIED as to the 1990 Coachman Catalina camper.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 2nd day of June, 2005.

AO 72A
(Rev. 8/82)